■ WORLD WIDE POWER INDUSTRIES, INC., et al., Respondents, v WARREN AZZARA et al., Appellants. [995 NYS2d 19]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered May 8, 2014, and May 15, 2014, which, to the extent appealed from as limited by the briefs, preliminarily enjoined defendants Azzara, Battista and Higher Power Industries, Inc. from competing against plaintiffs, and directed plaintiffs to post an undertaking, unanimously reversed, on the law, with costs, and the orders vacated. Appeal from order, same court and Justice, entered May 21, 2014, which denied defendants' motion to vacate the injunction unanimously dismissed, without costs, as academic.

The individual defendants sold their shares in plaintiff Transportation Technology, Inc. to plaintiff World Wide Power Industries, Inc. pursuant to a stock purchase agreement. In addition to paying a sum of money at closing, plaintiffs were to make payments to said defendants, in monthly installments, in exchange for agreements not to compete. The noncompete agreements gave defendants the right to declare an event of

default upon plaintiffs' nonpayment of an installment, which triggered defendants' right to waive further noncompete payments and terminate the noncompete agreements. The parties obtained financing for the transaction from Webster Bank, pursuant to standby creditor agreements that gave the bank subordination rights over the other parties with respect to the loan collateral and the right to direct plaintiffs to cease making noncompete payments to defendants in the event that plaintiffs defaulted on the loan.

Plaintiffs defaulted on the loan. The bank directed them to cease making payments to defendants under the noncompete agreements, and, upon plaintiffs' nonpayments, defendants waived their right to further payments and terminated the agreements. Plaintiffs sought to enjoin defendants from competing on the ground that defendants were not entitled to terminate their noncompete agreements based on the nonpayment directed by the bank.

Plaintiffs failed to show a likelihood of success on the merits of their claim (*see Doe v Axelrod*, 73 NY2d 748, 751 [1988]; *Matter of Patrolmen's Benevolent Assn. of the City of New York, Inc. v City of New York*, 119 AD3d 1 [1st Dept 2014]; *see also Scotto v Mei*, 219 AD2d 181, 184 [1st Dept 1996]). The noncompete agreements gave defendants, without qualification or condition, the right to declare an event of default upon nonpayment. Neither the bank's right to a priority in collection nor its right to direct plaintiffs, in the event of a default on the loan, to cease making payments to defendants limits or modifies defendants' right to declare an event of default and terminate the noncompete agreements in the event of a nonpayment. Concur—Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.